Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Alison L. Gregoire
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835-6347

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 26, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-CR-00034-RMP-1 |
| Plaintiff, | Plea Agreement |
| v. | Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) |
| JAMES DREW BRADLEY, | Global Disposition with the State of Washington |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog and/or Alison L. Gregoire, Assistant United States Attorneys for the Eastern District of Washington, and the State of Washington, by and through Larry Haskell, Prosecuting Attorney for Spokane County, Washington, and Eugene Cruz, Deputy Prosecuting Attorney for Spokane County, and Defendant JAMES DREW BRADLEY ("Defendant"), both individually and by and through Bevan Maxey, Defendant's federal defense counsel, and Michelle Hess, Defendant's state defense counsel, hereby agree to the following Plea Agreement.

Plea Agreement - 1

## Introduction

Defendant has been charged in state and federal court with a number of child exploitation offenses.

On August 15, 2019, Defendant was charged in Spokane County Superior Court, Case Number 19-1-03057-32, with Commercial Sexual Abuse of a Minor, in violation of RCW § 9.68A.100(1) (Count 1) and Attempted Rape of a Child in the Second Degree, in violation of RCW § 9A.44.076(1) (Count 2).

On March 3, 2020, a federal Grand Jury returned an Indictment charging Defendant with Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b) (Count 1); Attempted Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), 1594(a) (Count 2); Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 3); Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 4); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 5).

Defendant wishes to resolve all of these federal and state charges as part of a single, global resolution. The United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutor's Office agree to such a resolution, as set forth herein.

1. <u>Guilty Plea and Maximum Statutory Penalties For Criminal Charges</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to enter a plea of guilty to Count 1 of the federal Indictment filed on March 3, 2020, charging Defendant with one count of Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b).

Defendant understands that Online Enticement, in violation of 18 U.S.C. § 2422(b), as charged in Count 1 of the Indictment, is a Class A felony offense that carries the following potential penalties: a term of imprisonment of no less than 10 years and up to a lifetime; a term of Supervised Release of not less than 5 years and up

1 to a lifetime; a fine of up to $250,000; restitution; mandatory registration as a sex
2 offender; a $100 special penalty assessment; and an additional mandatory special
3 assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA")
4 of 2015, absent a judicial finding of indigence.

5      Defendant understands that a violation of a condition of Supervised Release
6 carries an additional penalty of re-imprisonment for all or part of the term of
7 Supervised Release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time
8 previously served on post-release supervision. Defendant also understands that he
9 will be required to pay restitution and register as a sex offender.

10      2.    The Court is Not a Party to the Agreement

11      The Court is not a party to this Plea Agreement and may accept or reject it.
12 Defendant understands that sentencing is a matter solely within the discretion of the
13 Court; that the Court is under no obligation to accept any recommendations made by
14 the United States and/or by Defendant; that the Court will obtain an independent
15 report and sentencing recommendation from the U.S. Probation Office; and that the
16 Court may, in its discretion, impose any sentence it deems appropriate, up to the
17 statutory maximums stated in this Plea Agreement.

18      3.    Rule 11 Nature of the Plea Agreement

19      Defendant acknowledges that this Plea Agreement is entered pursuant to
20 Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to
21 Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate
22 disposition of the case is 144 months (12 years) in custody, to be followed by a term
23 of Supervised Release. The United States and Defendant agree to make those
24 sentencing recommendations to the Court. Although the United States and Defendant
25 agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C),
26 Defendant acknowledges that no promises of any type have been made to him with
27 respect to the sentence the Court will ultimately impose.

28

Plea Agreement - 3

Defendant understands that the Court is required to consider the applicable Guidelines sentencing range, but may vary upward or downward from that sentencing range.

Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 144 months. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 144 months.

Defendant and the United States acknowledge that the imposition of any fine, restitution, and the length and conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or length or conditions of Supervised Release; and that the Court will exercise its discretion in these regards. Defendant and the United States acknowledge that the Court's decisions regarding the imposition of a fine, restitution, and the length and conditions of Supervised Release will not provide a basis to withdraw Defendant's guilty pleas or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Pursuant to this Plea Agreement, the Spokane County Prosecutor's Office agrees to dismiss all pending criminal charges against Defendant, and not to file new charges arising from conduct by Defendant that occurred prior to the date that Defendant enters a guilty plea in United States District Court on the charges set forth herein, so long as the conduct giving rise to those charges was known to the Spokane County Prosecutor's Office at the time Defendant enters a guilty plea in the above-captioned case.

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after his incarceration on these charges.

Plea Agreement - 4

Defendant acknowledges that if either he or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States, nor the Spokane County Prosecutor's Office are bound by any representations within it.

4. <u>Effect on Immigration Status</u>

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.     The right to a jury trial;

    b.     The right to see, hear and question the witnesses;

    c.     The right to remain silent at trial;

    d.     The right to testify at trial; and

    e.     The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Plea Agreement - 5

Defendant expressly waives his right to bring pretrial motions and acknowledges that all defense motions currently pending before the Court are mooted by this Plea Agreement.

6. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b), as charged in Count 1 of the Indictment, the United States would have to prove beyond a reasonable doubt the following.

First, Defendant attempted to engage in online enticement, a crime that consists of the following elements:

      a.      Beginning on or before June 3, 2019, and continuing through on or about August 13, 2019 , within the Eastern District of Washington, Defendant used a facility or means of interstate commerce, namely, the Internet, to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity;

      b.      Defendant could have been charged with a criminal offense for that sexual activity, namely, Rape of a Child in the Second Degree, in violation of WASH. REV. CODE § 9A.44.076; and

      c.      Defendant acted knowingly.

Second, Defendant took a substantial step in furtherance of the commission of the crime of online enticement. Specifically, Defendant made specific arrangements to meet in person with an individual whom he believed to be 12 years old, for the purpose of engaging in sexual conduct for which Defendant could have been charged with a criminal offense, and then Defendant went to the arranged location at the specified time to meet that individual for that purpose.

1      7.    <u>Factual Basis and Statement of Facts</u>

2      The United States and Defendant stipulate and agree that the following facts are

3  accurate; that the United States could prove these facts beyond a reasonable doubt at

4  trial; and that these facts constitute an adequate factual basis for Defendant's guilty

5  pleas. This statement of facts does not preclude either party from presenting and

6  arguing, for sentencing purposes, additional facts that are relevant to the Guidelines

7  computation or sentencing, unless otherwise prohibited in this Agreement.

8      Beginning before June 3, 2019, and continuing through August 13, 2019, within

9  the Eastern District of Washington, Defendant knowingly used the Internet to entice a

10  person Defendant believed to be 12 years old to engage in sexual activity for which

11  Defendant could have been charged with a criminal offense; namely, Rape of a Child

12  in the Second Degree, in violation of WASH. REV. CODE § 9A.44.076.

13      Defendant communicated with an adult sex worker and an undercover officer

14  using a text messaging platform that accessed the Internet, which Defendant

15  acknowledges is a means and facility of interstate and foreign commerce.

16      In text exchanges with the adult sex worker, Defendant requested that she

17  obtain a 12-year-old with whom Defendant could have sex. Then, on August 5, 2019,

18  Defendant asked the adult sex worker "did you find what I am looking for?" and told

19  her "Dam keep looking got faith in you." When the adult sex worker offered to have

20  sex with Defendant instead, he told her "You can do it you can find a young one it's a

21  thousand dollars to you you can do it." Defendant told the adult sex worker that the

22  girl he wanted her to bring to him needed to be "young and want her for 24 hours . . .

23  and virgin".

24      Instead, the adult sex worker went to law enforcement, and consented to a

25  Spokane Police Department undercover officer taking over her cellular telephone and

26  assuming her identity for purpose of communicating with Defendant. On August 8,

27  2019, in a chat with the undercover officer (who was purporting to be the adult sex

28  worker), Defendant said the following about the 12-year-old girl he was seeking:

Plea Agreement - 7

I will be very gentle on her want your pussy her mouth be nice to her ass to at least for my tongue I'll try not to be too kinky but I will want her to pee in my mouth maybe more fist my ass will pay extra for anything anal but I want her connected to my cock in some way for the 24 hours how old is she?

Defendant also requested that the adult sex worker produce child pornography of the girl and distribute it to him: "Picture from the neck down no face pic . . . Picture of her tities pussy be nice I will want some thing of mine in her all the time." The undercover officer confirmed that the purported girl was twelve: "Sorry my battery was low. She is 12. I'm working on getting some pics for you. When do you want this to happen and where?" Defendant responded "Soon" and "I will get a motel."

Defendant continued to negotiate the terms of the encounter with the undercover officer, ultimately confirming that he had booked a room at the Apple Tree Hotel on Division Street in Spokane and offering to take the adult sex worker and the child to a meal at the nearby Peking North Chinese restaurant beforehand. Defendant's plan was to meet at 7:30 p.m. at the restaurant on August 13, 2019. In text communications, Defendant agreed to pay the purported adult sex worker $1,000 for sex with the child, or $1,200 for anal sex with both the adult and the child, without condoms. Defendant told the undercover officer to "bring the young one."

On August 13, 2019, at about 7:00 p.m., Defendant drove to the Peking North Chinese restaurant in his truck. Defendant acknowledges that going to the restaurant on the arranged date and at the arranged time to meet a person he believed to be 12 years old for sex constituted a substantial step in furtherance of the crimes of online enticement and Rape of a Child in the Second Degree.

Defendant was arrested in the parking lot and his cellular telephone, truck, and motel room were searched pursuant to search warrants. In his cellular telephone were his side of the exchanges with the adult sex worker and the undercover officer. In his truck were a number of vacuum-sealed packs containing large quantities of cash from marijuana sales. In his motel room were lubricant, condoms, and sex toys.

Plea Agreement - 8

1  **8.**   Agreements Regarding Dismissals, Additional Charges, and Sentence
2           Calculations

3           **a.**   Agreements to Dismiss and Not File Additional Charges

4  The United States Attorney's Office for the Eastern District of Washington
5  agrees that at the time of sentencing, the United States will move to dismiss Counts 2,
6  3, 4, and 5 of the Indictment filed on March 3, 2020, which charge Defendant with:
7  Attempted Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1),
8  1594(a) (Count 2); Attempted Production of Child Pornography, in violation of 18
9  U.S.C. § 2251(a), (e) (Count 3); Receipt/Attempted Receipt of Child Pornography, in
10 violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 4); and Possession of Child
11 Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 5).

12 The United States Attorney's Office for the Eastern District of Washington and
13 the Spokane County Prosecutors' Office agree not to bring additional charges against
14 Defendant based on information in their possession at the time of this Plea Agreement,
15 unless Defendant breaches this Plea Agreement prior to sentencing in this case.

16 Defendant understands that the United States Attorney's Office for the Eastern
17 District of Washington and the Spokane County Prosecutors' Office are each free to
18 criminally prosecute Defendant for any other past unlawful conduct or any unlawful
19 conduct that occurs after the date of this Plea Agreement, so long as that conduct was
20 not known to the United States Attorney's Office for the Eastern District of
21 Washington and/or the Spokane County Prosecutors' Office, respectively, on the date
22 that Defendant enters into a federal guilty plea based on this Plea Agreement.

23 If Defendant's guilty plea and this Plea Agreement are both accepted by the
24 Court and Defendant is sentenced in federal court to a term of 144 months of
25 confinement and a term of federal Supervised Release, then: following the sentencing
26 hearing in Defendant's federal case, the Spokane County Prosecutor's Office agrees to
27 dismiss the following charges in Spokane County Superior Court Case Number 19-1-
28 03057-32, alleged in an Information filed on August 15, 2019:

Plea Agreement - 9

     i.     Commercial Sexual Abuse of a Minor, in violation of RCW § 9.68A.100(1) (Count 1); and

     ii.    Attempted Rape of a Child in the Second Degree, in violation of RCW § 9A.44.076(1) (Count 2).

    b.   <u>Agreements Regarding Seven Days of Time-Served Credit</u>

The United States agrees not to oppose a request by Defendant that this Court calculate Defendant's 144-month sentence in a manner that gives Defendant credit against his federal sentence for the time he served in state custody after being arrested on related state charges on August 13, 2019.

The United States and Defendant agree that Defendant was arrested by state authorities for the conduct giving rise to his state and federal charges on August 13, 2019, and that Defendant posted bond in his state case on August 19, 2019. Accordingly, the United States and Defendant agree that Defendant served no more than seven days in state custody on the state charges related to the charges in his federal Indictment.

The United States agrees that if the Court elects to impose a 144-month total sentence that gives Defendant credit for the seven days he served in state custody on related state charges, the United States will take the position that Defendant's sentence falls within the Rule 11(c)(1)(C) nature of this Plea Agreement, and the United States will not withdraw from this Plea Agreement on that basis.

Defendant acknowledges that the Court has discretion to grant or deny Defendant's request for such a time-served calculation, and Defendant agrees not to seek to withdraw from this Plea Agreement, or otherwise appeal or challenge the Court's decision to grant or deny any request for such a calculation. Thus, if the Court denies Defendant's request to calculate his federal sentence by taking into account the seven days he served in state custody, Defendant acknowledges that he will not be permitted to withdraw from this Plea Agreement, or challenge that decision by filing an appeal or any other challenge.

Plea Agreement - 10

9. United States Sentencing Guideline Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. Defendant and the United States agree to the following Guidelines calculations.

a. Count 1: Attempted Online Enticement

The United States and Defendant agree that, absent the application of the cross-reference set forth at U.S.S.G. § 2G1.3(c)(1), the following calculations apply:

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Attempted Online Enticement | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Use of a Computer to Solicit Participation | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Commercial Sex Act | +2 | U.S.S.G. § 2G2.1(b)(4)(B) |
| Total | 32 | |

b. Application of Cross Reference

The United States and Defendant also agree that the cross-reference set forth at U.S.S.G. § 2G1.3(c)(1) applies in this case, because Defendant's requests for photographs of the "pussy" of a person he believed to be a minor constituted conduct involving inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Accordingly, the United States and Defendant agree that because the Guidelines calculations are higher under U.S.S.G. § 2G2.1 than under U.S.S.G. § 2G1.3, the following calculations apply in this case:

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Attempted CP Production base offense level | 32 | U.S.S.G. § 2G2.1(a)(1) |
| Victim Between Ages of 12-16 | +2 | U.S.S.G. § 2G2.1(b)(1)(B) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B)(i), (ii) |
| Total | 36 | |

c. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

Plea Agreement - 11

Defendant understands and acknowledges that so long as the United States recommends a total sentence of incarceration of 144 months, the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

        d.    <u>Recommendations to the Court</u>

Defendant agrees not to dispute or challenge any of the Guidelines analyses or calculations set forth herein. Regardless of any calculations made by the United States Probation Office or Court, the United States and Defendant agree to recommend that the Court impose a final sentence of 144 months (12 years), followed by a term of Supervised Release.

        e.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant: accepts this Plea Agreement and enters a guilty plea at the first Court hearing that takes place after May 9, 2022; demonstrates a recognition and an affirmative acceptance of personal responsibility for his criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct.

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

        f.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations as to Defendant's criminal history category, which will be determined by the Court after the Presentence Investigative Report is completed.

Plea Agreement - 12

10.  Incarceration

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that a fair and just term of incarceration for Defendant is 144 months, to be followed by Supervised Release. The United States and Defendant each agree to recommend a term of incarceration of 144 months. If the Court does not accept Defendant's guilty plea or Plea Agreement, or sentences Defendant to a term of imprisonment greater or lesser than 144 months, Defendant and/or the United States may withdraw from this Plea Agreement and the Agreement will be null and void.

11.  Supervised Release

The United States reserves the right to recommend a lifetime term of Supervised Release. Defendant may argue for a term of Supervised Release that is less than the remainder of his lifetime but may not argue for a term of Supervised Release of less than five years. The United States and Defendant have no agreement as to the conditions of Supervised Release that the Court will impose, except as set forth herein. Defendant acknowledges that the Court's decision regarding the length and conditions of Supervised Release is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the length or conditions of Supervised Release ordered by the Court, those will not be bases on which he may withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his conviction, sentence, or the length or conditions of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of Supervised Release and the special conditions of Supervised Release that are imposed in all child sex offender cases in this District, the Court impose the following conditions:

a.  The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

Plea Agreement - 13

b.     Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

12.   <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Defendant acknowledges that the Court's decision regarding a fine is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his conviction, sentence, or fine.

13.   <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

Plea Agreement - 14

      a.     A Verizon Droid cellular telephone, with a cracked screen, in a black Incipio case;

      b.     An Acer laptop computer, Model N12Q9, Serial No.: NXG15AA01615043D87600; and

      c.     A Black Samsung Galaxy Note 9 cellular telephone.

Defendant stipulates that he is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which he is agreeing to forfeit, are subject to forfeiture, pursuant to 18 U.S.C. § 2428, as property used or intended to be used in any manner or part to commit or to facilitate the commission of Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b), to which he is pleading guilty.

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that he is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

14.   Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.  Defendant agrees that pursuant to the JVTA, an additional mandatory special assessment of $5,000 must be imposed upon conviction, absent a judicial finding of indigence.

15.   Restitution

The United States and Defendant agree that Defendant will pay $3,000 in restitution to any victim of a child pornography offense whose image Defendant received or possessed, regardless of the United States' agreement to dismiss Count 4 at the time of sentencing, if a victim makes a restitution request before the sentencing hearing in this case.  *See* 18 U.S.C. §§ 2259, 3663A, and 3664.  The United States and Defendant agree that at the time of the entry of this Plea Agreement, neither the United States nor Defendant are aware of any restitution requests by victims.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay the agreed restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.  With respect to restitution, the United States and Defendant agree to the following:

a.   Restitution Amount and Interest

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount of $3,000 per requesting victim, and that any interest on this restitution amount, if any, should be waived.

b.   Payments

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances.

Plea Agreement - 16

*See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligations.

        c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement. Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

        d.    <u>Notifications and Waivers</u>

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k).

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F).

These obligations ceases when Defendant's restitution is paid-in-full.

Plea Agreement - 17

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his conviction, sentence, or restitution order.

16.  Assets

Defendant voluntarily agrees to abandon and relinquish all right, title, and interest in all assets and/or items seized by the Federal Bureau of Investigation or Spokane Police Department during the investigation of this case. Defendant voluntarily consents to the destruction of all assets and/or items seized by the Federal Bureau of Investigation or Spokane Police Department during the investigation of this case. Defendant agrees to hold harmless all law enforcement agents and the United States and Spokane County, their agents, and their employees from any claims whatsoever arising in connection with the seizure, abandonment, and/or destruction of all assets and/or items seized by the Federal Bureau of Investigation or Spokane Police Department during the investigation of this case. Defendant further waives notice of any federal, state, or local proceedings involving the seizure, abandonment and/or destruction of all assets and/or items seized by the Federal Bureau of Investigation or Spokane Police Department during the investigation of this case.

17.  Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18.  Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is convicted of any crime or tests positive for any controlled substance.

19. <u>Waiver of Appeal Rights</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive his right to appeal his conviction and sentence if the Court imposes a term of imprisonment pursuant to the terms of this Rule 11(c)(1)(C) plea agreement, including the requirement that he must register as a sex offender upon his release from prison.

If the Court sentences Defendant above the Rule 11(c)(1)(C) terms of this Agreement, or indicates its intention to do so, and Defendant chooses *not* to withdraw, then the following applies: Defendant agrees to waive his right to appeal his conviction and sentence if the Court imposes a prison term no higher than the high end of the applicable guideline range as determined by the Court. If, under these circumstances, the Court imposes a sentence higher than the high end of the Guidelines range as determined by the Court, Defendant may appeal only the substantive reasonableness of his sentence.

Defendant waives his right to appeal any restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence. Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Plea Agreement - 19

20. <u>Sex Offender Registration</u>

Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of Supervised Release, pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of his term of Supervised Release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his lifetime. Defendant agrees that during the duration of his registration requirement, he will keep his registration current with the state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours. Defendant agrees that during the duration of his registration requirement, he will notify the state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours of changes to his name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant agrees that he will verify his sex offender registration information with state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such requirements.

Defendant acknowledges that if he resides in the State of Washington following his release from prison, he will be subject to the registration requirements of RCW § 9A.44.130. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of his release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

Plea Agreement - 20

21. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then the following provisions will apply:

    a.    This Plea Agreement shall become null and void;

    b.    The United States and Spokane County may prosecute Defendant on any count to which he has pleaded guilty, as well as any other available charge;

    c.    The United States and Spokane County may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Plea Agreement;

    d.    The United States and Spokane County may file any new charges that would otherwise be barred by this Agreement;

    e.    The United States and Spokane County may prosecute Defendant on all available charges involving or arising from the incidents charged in any charging instrument in this case or the case in Spokane County;

    f.    The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office and/or the Prosecuting Attorney's Office for Spokane County;

    g.    Defendant agrees to waive any objections, motions, and defenses he might have to the United States' or Spokane County's decision about how to proceed, including a claim that the United States has violated Double Jeopardy; and

    h.    Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

22. <u>Global Disposition for Charged Conduct</u>

The Spokane County Prosecutor's Office agrees to dismiss, and not file, criminal charges against Defendant if the conditions set forth herein are met. Defendant acknowledges that if Defendant successfully withdraws from Defendant's federal guilty plea, all representations in this Plea Agreement from the Spokane County Prosecutor's Office will be null and void. The Spokane County Prosecutor's Office makes no representations about prosecution of any future conduct by Defendant, or past criminal conduct that is not set forth in the factual basis of this Plea Agreement. The signature of a Deputy Prosecuting Attorney for Spokane County on this Plea Agreement serves as confirmation of all representations from the Spokane County Prosecutor's Office.

23. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutor's Office, as set forth herein, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____
David M. Herzog or Alison L. Gregoire
Assistant United States Attorney

5/26/2022
_____
Date

Plea Agreement - 22

1    Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

2    Larry Haskell
3    Spokane County Prosecuting Attorney

4
5    _____        _____
     Eugene Cruz                                 Date
6    Deputy Prosecuting Attorney

7        I have read this Plea Agreement and have carefully reviewed and discussed

8    every part of the agreement with my attorney.  I understand and voluntarily enter into

9    this Plea Agreement.  I have consulted with my attorney about my rights, I understand

10   those rights, and I am satisfied with the representation of my attorney in this case.  No

11   other promises or inducements have been made to me, other than those contained in

12   this Plea Agreement and no one has threatened or forced me in any way to enter into

13   this Plea Agreement.  I agree to plead guilty because I am guilty.

14
15   _____        _____
     James Drew Bradley                          Date
16   Defendant

17
18       I have read the Plea Agreement and have discussed the contents of the

19   agreement with my client.  The Plea Agreement accurately and completely sets forth

     the entirety of the agreement between the parties.  I concur in my client's decision to
20
     plead guilty as set forth in the Plea Agreement.  There is no legal reason why the
21
     Court should not accept Defendant's pleas of guilty.
22

23
     _____        5-12-2022
24   Bevan Maxey                                 Date
     Federal Attorney for Defendant
25

26

27   _____        _____
     Michelle Hess                               Date
28   State Attorney for Defendant

     Plea Agreement - 23

Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

Larry Haskell
Spokane County Prosecuting Attorney

_____ 2-7114          April 26, 2022
Eugene Cruz                              Date
Deputy Prosecuting Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          _____
James Drew Bradley                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's pleas of guilty.

_____          _____
Bevan Maxey                       Date
Federal Attorney for Defendant

_____          _____
Michelle Hess                     Date
State Attorney for Defendant

Plea Agreement - 23

Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

Larry Haskell
Spokane County Prosecuting Attorney

_____          _____
Eugene Cruz                                Date
Deputy Prosecuting Attorney

    I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          _____
James Drew Bradley                         Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's pleas of guilty.

_____          _____
Bevan Maxey                                Date
Federal Attorney for Defendant

*Michelle Hess* As to State          5/9/22
Michelle Hess          *Charges only*          Date
State Attorney for Defendant

Plea Agreement - 23