Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-CR-00034-RMP-1 |
| Plaintiff, | United States' Sentencing Position |
| v. | Sentencing Hearing: |
| JAMES DREW BRADLEY, | August 30, 2022, at 1:30 p.m. |
| Defendant. | Spokane, Washington |

    Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, hereby submits the United States' sentencing position with regard to Defendant James Drew Bradley ("Defendant") in the above-captioned matter.

    The United States recommends that the Court accepts and approves the Plea Agreement, which was entered under Federal Rule of Criminal Procedure 11(c)(1)(C), and imposes a sentence consistent with it: 12 years in custody, to be followed by a lifetime of supervised release.

United States' Sentencing Position – Bradley – i

The United States' position is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence and argument the Court may permit.

Dated: August 19, 2022

Vanessa R. Waldref
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

On May 26, 2022, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11"), Defendant James Drew Bradley ("Defendant") pleaded guilty to a single count of Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b).  The Rule 11 Plea Agreement contemplates a sentence of 12 years in custody.  The United States requests that the Court now accepts and approves the Plea Agreement and imposes a sentence consistent with it.

### II.   Facts

The relevant facts are set forth in the *Offense Conduct* section of the Presentence Investigation Report ("PSIR"), ECF No. 73, ¶¶ 17-29, and the *Factual Basis* section of Defendant's Plea Agreement, ECF No. 65, ¶ 7.

In sum, Defendant knowingly used the Internet to communicate with a person he believed to be an adult sex worker, and negotiated commercial sex with a minor child whom Defendant believed to be 12 years old.  *Id.*  Defendant showed up to meet the adult sex worker and child for sex at the arranged time and place, with the agreed-upon amount of money in hand, having rented a hotel room nearby to which Defendant had brought sexual lubricant and sex toys.  *Id.*

### III.    The Presentence Report

For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines"), the United States concurs with the Probation Office that Defendant's final adjusted offense level is 33, and that Defendant has 0 criminal history points, placing him in Criminal History Category I.  ECF No. 73, ¶ 60.  Defendant's properly-calculated Guidelines range is 135-168 months, so the 144-month sentence contemplated by the Plea Agreement is within the Guidelines range.  ECF No. 73, ¶ 126.  There is a ten-year mandatory minimum sentence.  *Id.*

United States' Sentencing Position – Bradley – 1

### IV. The United States' Sentencing Recommendation

The United States respectfully recommends a sentence of 12 years (144 months) in custody, a lifetime of supervised release, no fine, restitution as requested, and special assessments of $100 (mandatory) and $5,000 (absent a finding of indigence by the Court). The United States submits that such a sentence is sufficient, but not greater than necessary, to achieve the sentencing goals set forth at 18 U.S.C. § 3553.

If the Court were to reject the terms of the Rule 11 Plea Agreement or sentence Defendant to something less than 12 years (144 months), the United States would withdraw from the Plea and proceed to trial on Defendant's charged conduct, which include a number of offenses that carry mandatory minima of 15 years. As the Court can see from the PSIR, the United States faces minimal litigation risk in front of a jury.

#### A. The Nature and Seriousness of the Offense and Defendant's Respect for the Law

Defendant's conduct is unquestionably serious. Law enforcement officers do not put bona fide children in harm's way, so no real child was present at the arranged time and date. But for the intervention of law enforcement, there can be no reasonable doubt that Defendant would have engaged in commercial sex with a 12-year-old, as he had specifically negotiated.

#### B. Defendant's Personal History and Characteristics

Defendant is neither young nor healthy. There is little other mitigation. There is indicia in the PSIR that this was not Defendant's first foray into sex with minor girls. ECF No. 74, ¶ 25.

#### C. Just Punishment

Defendant's attempt to have sex with a 12-year-old child speaks for itself, and demands serious punishment. The only mechanism for creating accountability in this process is the sentence imposed by this Court.

United States' Sentencing Position – Bradley – 2

### D. Deterrence

General and specific deterrence are necessary here. Defendant and others who seek out sex with children must know that they may go to federal prison for a long time if they are to be meaningfully disincentivized from acting on their worst impulses. The Court's sentence must be long enough to make Defendant and others take it seriously; to deter, a sentence has to be distasteful enough to keep people from acting how they otherwise would act.

### E. Protection of the Public

Children in the Eastern District, the Dominican Republic, and elsewhere deserve to live in a world in which they are safe from predation in any form. Defendant presents a danger to the community, and there is little question that he would still be seeking out sex with minors if law enforcement had not discovered him. The question for this Court is stark: what sentence is necessary to protect children from Defendant and others like him? The United States submits that in this case, in light of Defendant's conduct and balanced by his personal history and characteristics, 12 years will be sufficient but not greater than necessary to do so. The ongoing need to protect the public also justifies a lifetime of supervised release.

### F. Avoidance of Unwarranted Sentencing Disparities

The best way to ensure consistent sentences for similarly-situated defendants across the country is for courts to apply the sentencing Guidelines in the same manner everywhere. *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1195 n.1 (9th Cir. 2006) (recognizing that the Guidelines "help to maintain uniformity in sentencing throughout the country").

Here, the United States' recommendation is in the middle of the applicable Guidelines range and below a number of mandatory minima that would otherwise apply. Twelve years is not an unusual sentence in this District for those who plead guilty to child abuse without hands-on contact.

United States' Sentencing Position – Bradley – 3

**G.    Fine, Special Penalty Assessment, Restitution, and Forfeiture**

The United States is free to make any recommendation concerning a criminal fine. The Probation Officer has analyzed Defendant's financial condition and has concluded that he lacks the financial means, assets, and/or resources available to reasonably make payment on financial obligations imposed by the Court. ECF No. 73, ¶ 103. Accordingly, the United States does not seek a fine. A $100 special assessment is mandatory. The United States defers to the Court regarding Defendant's indigence and the applicability of the $5,000 Special Assessment pursuant to the Justice for Victims of Trafficking Act of 2015.

**V.    Conclusion**

For the foregoing reasons, the United States recommends that the Court sentence Defendant to 12 years in custody and a lifetime of supervised release.

Dated: August 19, 2022

Vanessa R. Waldref
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

Certificate of Service – 1