Bevan J. Maxey
Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
(509) 326-0338 ph.
(509) 325-4490 fax

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>James Drew Bradley,<br><br>　　　　　　　　　　　Defendant. | **No.　2:20-CR-00034-RMP**<br><br>DEFENDANT'S MEMORANDUM<br><br>*August 31, 2022 at 1:30 p.m.* |

## I. Introduction

COMES NOW Defendant, JAMES DREW BRADLEY by and through his attorney, Bevan J. Maxey and submits the following memorandum in support of enforcing the plea agreement reach herein. Mr. Bradley respectfully recommends the Court impose a sentence of 144 months' imprisonment followed by supervised release. This recommendation is based upon the memorandum of authorities set forth below, and upon the files and records in this case.

## II. Background

### A. Procedural Background

On March 3, 2020 the grand jury for the Eastern District of Washington returned a five-count indictment charging Mr. Bradley with Attempted Online Enticement, in violation of 18 U.S.C. § 2422 (b); Attempted Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), 1594 (a); Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251 (a), (e); Receipt and Attempted Receipt of Child Pornography in violation of 18 U.S.C. §2252A(a)(2)(a), (b)(1); and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

### B. Offense Conduct

Mr. Bradley accepts and relies upon the offense conduct as it appears in his Rule 11(c)(1)(C) plea agreement.

### C. Plea Agreement Summary

Mr. Bradley's Rule 11(c)(1)(C) plea agreement with the Government is summarized as follows:

- The parties agree to recommend a sentence of 144 months' imprisonment followed by a term of supervised release.
- The parties agree they may make independent recommendations regarding the imposition of a fine.
- Mr. Bradley agrees neither the Court's imposition of a fine nor the Court's imposition of restitution are bases upon which he may withdraw from the plea agreement.

- The Government agrees to dismiss Counts Two through Five of the indictment at the time of sentencing.

- The parties agree the **base offense level is 28**, pursuant to USSG § 2G1.3(c) and that with enhancements as outlined in the PSI (page 4) his total offense level is 36. Provided Mr. Bradley accepts responsibility, his **total adjusted offense is 33**.

- Mr. Bradley agrees to forfeit all rights and interests in the property outlined in the plea agreement.

### III. Guideline Calculation

The Court should adopt the terms of the parties bargained for Rule 11(c)(1)(C) plea agreement, and calculate Mr. Bradley's total offense level as 33. A total offense level of 33 and Mr. Bradley's criminal history category of I results in a Guideline range of 135-168 months' imprisonment.   The sentencing guideline recommendation is well within that range at 144 months.

### IV. 18 U.S.C § 3553

**A.  Section 3553(a) factors supports the sentencing recommendation of 144 months.**

The district Court "must properly use the [Sentencing] Guideline calculation as *advisory* and start there …." *U.S. v. Zavala*, 443 F.3d 1165, 1171 (9th Cir. 2006) (emphasis added). The Sentencing Guideline is not to have greater weight than the other factors enumerated in 18 U.S.C. § 3553(a). *Zavala*, 443 F.3d at 1171. The Sentencing Guideline calculation is just one factor when selecting the most appropriate sentence. *Id*. The other statutory factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed … (3) the kinds of sentences available; (4) the sentencing ranges established by the USSG; (5) any pertinent policy statement issued by the USSG; (6) the need to avoid unwarranted sentence disparities among defendants with similar records or who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18. U.S.C. § 3553(a).

Section 3553(a) also directs the Court to impose a sentence "sufficient, but not greater than necessary" to comport with "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law … to provide just punishment … to afford adequate deterrence … to protect the public … and to provide the defendant with needed" training, care, or "other correctional treatment in the most effective manner." *Id.*

Here, Mr. Bradley is 65 years old. As the Court can see from the Presentence Investigation, Mr. Bradley comes to the Court with no countable criminal history.   Mr. Bradley has had many things occur to him throughout his life which have contributed to his sexual malfunction.   His mother remarried when he was 3 years old.   His step father began to engage in a pattern of abuse.   The long term effects of these types of occurrences cannot always be measured or immediately recognizable. Apparently, his mother was aware of his step father's behavior and would send him away to other family members for his protection.   Unfortunately, Mr. Bradley was then sent to an adult male by his mother which instead of providing safety, resulted in further abuse of Mr. Bradley.

Subsequently, as Mr. Bradley grew older the pattern of dysfunctional sexual activity reoccurred with a number of adult females who also took advantage of Mr. Bradley.   Mr. Bradley joined the Navy at age 17 and was honorably discharged.   Over his adult life, Mr. Bradley has suffered with bouts of anxiety and depression.   These occurrences often lead to panic attacks.   Mr. Bradley has not been able to maintain a consistent mental health treatment history. Since being incarcerated Mr. Bradley has received a consistent regiment of medication and is presently functioning emotionally far better than he has been able to in the past.

At this point in his life, Mr. Bradley has been able to obtain a better insight in regards to his mental health needs and a better understanding of his behavior. A sentence of 12 years for a 65 year old man is sufficient but not greater than necessary to meet the criteria of 18 U.S.C. 3553.   Through the stability of Board of Prisons Mr. Bradley will be able to obtain on a regular basis the medications necessary to maintain better mental health.   Additionally, Mr. Bradley will be receiving a significant period of supervised release which will also provide an additional structure and supervision to assist him in maintaining appropriate mental health treatment and behavior.

There is nothing to be gained by continued incarceration of Mr. Bradley after 12 years.   Mr. Bradley will be a 77 year old person who can be monitored by a term of supervision and who no longer will be able to travel outside the

United States.

> 1.  *Consideration of the nature and circumstances of the offense and Mr. Bradley's history and characteristics supports a sentence of 144 months.*

As noted in the PSIR, Mr. Bradley has minimal criminal history. Notably, he has never been charged with or convicted of a sexual offense prior to this case. He does not have a history of sexual misconduct.

Mr. Bradley accepts full responsibility for his conduct and his actions in this case. He does not wish to shift blame or make excuses, however, he does wish to stress to the Court his sincere regret for the actions that led him here. At all times he has been cooperative with law enforcement. It is important to note that Mr. Bradley was very straight forward with law enforcement when they contacted him.

> 2.  *Mr. Bradley's sentencing recommendation is sufficient, but not greater than necessary, punishment.*

A sentence of 144 months' imprisonment followed by a term of supervised release satisfies the statute's contemplated punishment for this crime. If the Court sentences Mr. Bradley to 144 months' imprisonment, he will likely be 77-years-old by the time he is released from incarceration. A term of supervision in any amount over the 5 years mandatory term will ensure he lives the rest of his life as a law-abiding citizen. Any computer or digital device he may own will be subject to prior approval and monitoring. His travel will be restricted. He will have to complete sex offender treatment. Mr. Bradley's recommended sentence will

protect the public, afford deterrence, provide just punishment, and provide Mr. Bradley the opportunity to seek the appropriate correctional treatment. A sentence of 144 months' imprisonment followed by supervised release is more than sufficient, but not greater than necessary, punishment for Mr. Bradley's crime.

## Nature of the Offense

The offense for which Mr. Bradley is charges is a serious offense.   The agreed sentencing recommendation of the Government and the defendant is a serious sentence.   There is no evidence that any hands on contact actually occurred between Mr. Bradley and any minor.   There are other unproven allegations which are not part of the factual basis for the plea. There are some collateral sources which have attempted to provide information to the Court.   If reviewed, the Court should consider the nature of the source.

## V. Conclusion

Based on the authorities discussed above, Mr. Bradley respectfully recommends the Court impose a sentence of 144 months' imprisonment followed by supervised release.

Respectfully submitted this 30th day of August, 2022.

*s/ Bevan J. Maxey*
Bevan J. Maxey
Attorney for Defendant, Mr. James Bradley

MEMORANDUM - 7

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant(s):

David Herzog
Assistant United States Attorney
920 W. Riverside, Room 300
Spokane, WA 99201

Carrie Valencia
United States Probation
920 W. Riverside, Room 540
Spokane, WA 99201

*/s/ Bevan J. Maxey*

Bevan J. Maxey
Attorney for Defendant